IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EXELTIS USA, INC., et al., : | |
|         Plaintiffs, : | |
| v. : | Civil Action No. 22-434-RGA |
| LUPIN LTD., et al., : | |
|         Defendants. : | |

MEMORANDUM ORDER

The proposed final judgments present the issue of whether seven patents dismissed by Plaintiffs in response to a case narrowing order should be dismissed with or without prejudice. (D.I. 375). The parties previously briefed the issue. (D.I. 343, 353, 354).

This is a Hatch-Waxman case. Plaintiffs' complaint asserted six patents. (D.I. 1). In order to get the case promptly resolved, trial was set for February 26, 2024. (D.I. 18). Plaintiffs' third amended complaint, filed in January 2023, thirteen months before trial, asserted fifteen patents. (D.I. 78). The parties stipulated to the dismissal without prejudice of two of the thirteen in June 2023. (D.I. 182). Recognizing that the case needed to be significantly narrowed, the parties agreed on how many claims Plaintiffs should take to trial—seven—but disagreed on the timing for reducing the number. (D.I. 195). So I resolved that. (D.I. 199). Plaintiffs adhered to the schedule I set and withdrew numerous claims including all claims of one of the patents on August 7, 2023. (D.I. 343 at 1). Plaintiffs withdrew all claims of another six patents on December 23, 2023. (*Id.*). That left seven claims from six patents. Late claim construction led to the dismissal of the sole remaining claim of another patent on the eve of trial; six claims from five patents went to trial. (D.I. 374 at 3 n.2). The instant dispute involves only the one patent

dropped in August and the six dropped in December. (*See* D.I. 343 at 9 (the eve-of-trial dismissal not at issue)).

Plaintiffs won the trial. I found infringement as to each of the asserted claims, and I found Defendants had not proven any of the claims invalid. (D.I. 374).

Plaintiffs frame their argument as being based on "fundamental fairness." (D.I. 354 at 1-2). Defendants suggest other analytical frameworks, but I will go with Plaintiffs' framework. I disagree with Plaintiffs about what fundamental fairness requires. Plaintiffs treat the court-ordered case narrowing as being unfair because it required them to give up claims. But it was even-handed; it required that Defendants give up invalidity defenses. Plaintiffs say that they ought to be able to bring more lawsuits based on the claims that they dropped. If the verdict is affirmed on appeal, should Defendants be able to resurrect the defenses that they dropped at roughly the same time that Plaintiffs were dropping claims? I am quite sure Plaintiffs would oppose that. Yet, why should it be, if Plaintiffs lose, do it again (and again, if necessary); if Defendants lose, it's over?

Plaintiffs point to a case of one of my colleagues -- *Ferring Pharms. Inc. v. Fresenius Kabi USA, LLC*, 645 F. Supp. 3d 335, 394 (D. Del. 2022), *appeal dismissed*, No. 2023-1460, 2024 WL 3634241 (Fed. Cir. May 31, 2024). There, the Court permitted dismissal without prejudice. I agree the facts appear to be similar. And I agree with some of what the Court said:

> [T]he Court understands Defendant's concerns about potential prejudice and the Court has no interest in litigating complex Hatch-Waxman cases more than once. The Court, however, is skeptical that allowing the dismissal without prejudice with the facts of this case would result in such inefficiencies. Indeed, in reducing the number of claims for trial, the most reasonable choice for any plaintiff is to put forth their strongest asserted claims. It would be the rare case indeed where a plaintiff would fail to prevail on their strongest claims and expect victory on those previously deemed disposable.

*Id.* In essence, the Court says, it is unlikely a plaintiff will bring the dismissed claims in a second lawsuit. If that is the case, then a dismissal—whether with or without prejudice—is the end of the patent as a weapon against the particular defendant's particular product. But likelihood and certainty are not the same thing. I'd prefer certainty. I am certain the generic company would prefer certainty.[1] Given what I have seen in recent years, I am not as confident that a branded company, given the option of repeat litigation to protect its highly profitable branded product, would be deterred from that litigation simply because its chance of victory was poor.

Based on the above, I am going to sign Defendants' proposed final judgment. Plaintiffs' motion to voluntarily dismiss without prejudice (D.I. 342) is DENIED.

IT IS SO ORDERED this 29th day of October 2024.

/s/ Richard G. Andrews
United States District Judge

---

[1] My understanding is that the Hatch-Waxman process is designed to have an orderly process for resolving infringement questions before a generic is able to launch its product. The threat of repeat litigation is therefore at odds with at least one of the goals of the Hatch-Waxman process.